IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHICAGO TITLE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:08-cv-01083 |
| ) | JUDGE MAGISTRATE |
| DEWRELL SACKS, LLP, and ) | |
| MARA SACKS, ) | |
| ) | |
| Defendants. ) | |

ANSWER TO COMPLAINT

Come now your Defendants, Dewrell Sacks, LLP and Mara Sacks, and for answer filed against them in this cause, state as follows:

1. The allegations of the first paragraph of the complaint are admitted to the extent that they reflect that Chicago Title Insurance Company ("Chicago Title") is a foreign corporation. Defendants are without sufficient information to form a belief as to the truthfulness of the remaining allegations and demand strict proof thereof if their interests are to be affected thereby.

2. It is admitted that Dewrell Sacks is a Georgia limited liability partnership with its principal place of business in Atlanta, Georgia.

3. It is denied that Mara Sacks is a resident of the State of Georgia. It is admitted that she is a resident of the State of Florida. It is denied that Mara Sacks is responsible for any alleged damages identified in the complaint.

4. The allegations of paragraph 4 of the complaint calls for a legal conclusion. It is admitted that parties are from different states. It is denied that Nashville is the proper venue for

this dispute. The alleged agency contracts upon which the complaint is based were not executed in Nashville and neither of the defendants is located in Nashville, Tennessee.

5. The allegations of paragraph 5 call for a legal conclusion as to whether the claims sought by Plaintiff may be aggregated. It is admitted that one of the properties that is the subject of the lawsuit alleges a loss exceeding $75,000.

6. With respect to the allegations of paragraph 6 of the complaint, it is admitted that during the applicable period of 2002 to 2004, Dewrell Sacks, LLP entered into certain contracts with Chicago Title, some of which are not involved with Chicago Title's complaint and are not relevant to this dispute. The contracts speak for themselves and are best evidence of their own terms. Any implication of the complaint that Mara Sacks guaranteed any obligation under said contracts that may be the subject of this lawsuit is denied.

7. With respect to the allegations of paragraph 7 of the complaint, it is admitted that the document attached to the complaint as Exhibit A is a document entitled "Issuing Agency Contract." It bears a date of November 11, 2002 for pages 13-15. Page 16 is a Schedule of Rates and Remittances dated November 11, 2002. Page 17 is a document entitled "Term of Contract." Page number 18 is a document entitled "Amendment to Schedule of Rates and Remittances" dated June 25, 2003. Page 19 is a document entitled "Amendment to Schedule of Rates and Remittances" dated February 23, 2004. The allegations of paragraph 7 of the complaint attempt to summarize the contents of these documents involving business in the State of Georgia. The documents speak for themselves and are best evidence of their own terms.

8. With respect to the allegations of paragraph 8 of the complaint, it is admitted that Exhibit B to the complaint is a is a document entitled "Issuing Agency Contract." It bears a date of December 30, 2003 for pages 20-22. Page 23 is a Schedule of Rates and Remittances dated

December 30, 2003. Page 24 is a document entitled "Terms of Contract" dated December 30, 2003. The allegations of paragraph 8 of the complaint attempt to summarize the contents of these documents involving business in certain counties within the State of Tennessee. The documents speak for themselves and are best evidence of their own terms.

9. With respect to the allegations of paragraph 9 of the complaint, it is admitted that Exhibit C to the complaint is a is a document entitled "Issuing Agency Contract." It bears a date of February 12, 2004 for pages 25-26. Page 27 is a Schedule of Rates and Remittances dated February 12, 2004. Page 28 is a document entitled "Terms of Contract" dated February 12, 2004. The allegations of paragraph 9 of the complaint attempt to summarize the contents of these documents involving business within the State of Florida. The documents speak for themselves and are best evidence of their own terms.

10-11. The allegations of paragraphs 10 and 11 of the complaint attempt to summarize certain provisions of the relevant contracts while omitting other provisions. The documents speak for themselves and are best evidence of their own terms. The allegations of paragraphs 10 and 11of the complaint are admitted to the extent that they are consistent with the terms of the relevant contracts and they are denied to the extent that they are inconsistent with the terms of the contract. Reference is made to the actual document to accurately describe the terms of the parties contractual relationship.

12. The allegations of paragraph 12 of the complaint are denied as they are presently stated. It is admitted that Exhibit D to the complaint is a document entitled "Personal Guaranty" bearing a date of November 11, 2002. The document speaks for itself and is best evidence of its own terms. It is admitted that signature on the document is that of Mara Sacks. It is denied that said document dated in 2002 bears any significance or relevance to an agency contract executed

in 2003 for a different state. Any allegations of paragraph 12 which imply or suggest that Mara Sacks personally guaranteed any obligation of Dewrell Sacks which is identified or alleged in the complaint is therefore denied. Similarly, any personal guaranty executed by Mara Sacks in favor of the title insurance company was cancelled pursuant to the mutual assent of the parties in approximately 2004.

13. With respect to the allegations of paragraph 13, it is admitted that Exhibit E to the complaint is a document entitled "Mutual Termination Agreement," bearing a date of August 22, 2005. The document speaks for itself and is best evidence of its own terms. It is denied that said document has any application to the other agreements attached to Plaintiff's complaint.

14. With respect to the allegations of paragraph 14 of the complaint, it is admitted that Dewrell Sacks, LLP served as a settlement agent for a property that is located known as 601 Huffine Manor Circle, Franklin, Tennessee 37067. It is denied that Dewrell Sacks LLP conducted the closing for the property as alleged in paragraph 14. It is admitted that lender for this transaction was a company known as Ameriquest Mortgage Company ("Ameriquest") and it is admitted that the lender's interest was secured by a Deed of Trust. This appears to have re-financing transaction. The amount of the Deed of Trust is reflected on the document. The document speaks for itself and is best evidence of its own terms.

15. There is no specific time period required in Tennessee for the recordation of a Deed of Trust or other lien against real property.

16. It is denied Dewrell Sacks "delayed" recording the Deed of Trust. It is admitted that the Deed of Trust reflects that it was recorded on February 7, 2005 in the Register of Deeds Office for Williamson County. Upon information and belief, Dewrell Sacks believes that the lender, Ameriquest, typically would have had the original Deed of Trust. There may have been a

delay by Ameriquest Mortgage in transmitting the documents to Dewrell Sacks. Dewrell Sacks believes it would have recorded the instrument soon after receiving the documents from Ameriquest. To the extent that there was a delay in transmitting the documents to Dewrell Sacks by Ameriquest, Ameriquest Mortgage (whose address appears on the various closing documents) would be a comparatively negligent party in failing to transmit the documents in a timely fashion. Such delay by Ameriquest would have been a contributing factor to any failure to record such documents and renders Ameriquest a comparatively negligently party.

17. It is admitted that Dewrell Sacks, as issuing agent, issued a title policy to the lender with respect to this property.

18. Defendants have not knowledge of when the borrowers for this transaction filed bankruptcy. Upon information and belief, Defendants are informed that the borrower filed bankruptcy sometime after the recordation of the Deed of Trust. The borrower's bankruptcy and the extension of credit to the borrowers with poor credit by Ameriquest was the proximately cause of the loss. Chicago Title was aware of the underwriting of such loans by Ameriquest and was or otherwise would have been aware of the increased likelihood of the borrowers possible future insolvency at the time that it agreed to issue title insurance and Chicago Title undertook such risk that the borrowers would file for bankruptcy soon after gaining access to the physical property.

19. Defendants are without sufficient knowledge or information to form a belief as to the determination by the borrower's bankruptcy trustee with respect to this particular property and demand strict proof thereof their its interests are to be affected thereby.

20. Defendants are without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 20 of the complaint and demand strict proof

thereof if their interests are to be affected thereby. Defendants are without sufficient knowledge or information sufficient to form a belief as the alleged losses suffered by Chicago Title or regarding the assignment alleged in paragraph 20 and demand strict proof thereof if their interests are to be affected thereby. Defendants deny that the reasonableness of expenses of $15,854.35 identified in paragraph 20 of the complaint. Defendant Mara Sacks denies any personal responsibility for any alleged damages.

21-22. With respect to the allegations of paragraph 21 and paragraph 22 of the complaint, it is admitted that Dewrell Sacks, LLP served as a settlement agent for a property that is located known as 473 Oaks Drive, Smithville, Tennessee. It is denied that Dewrell Sacks LLP conducted the closing for the property as alleged in paragraph 21. It is admitted that lender for this transaction was a company known as Ameriquest Mortgage Company ("Ameriquest") and it is admitted that the lender's interest was secured by a Deed of Trust. This also appears to have been a refinancing of the property in question. The amount of the Deed of Trust is reflected on the document. The document speaks for itself and is best evidence of its own terms.

23. The allegations of paragraph 23 are admitted upon information and belief.

24. The allegations of paragraph 24 of the complaint are denied upon information and belief. The title search for this property was provided the abstracting services of Services Management Company of Tennessee, Inc., 1630 N.W. Broad Street, Murfreesboro, Tennessee and any instruments of title were prepared base upon information supplied by the title search.

25. It is admitted that a title policy was issued for the lender for this transaction. The written terms of the title policy speak for themselves and are best evidence of their own terms. The legal description provided for said policy was based upon abstracted information provided by the abstractor identified in paragraph 24.

26. It is admitted that on or about February 7, 2007, Chicago Title claimed that it had received notice of a potential claim against Chicago Title.

27. The allegations of paragraph 27 are denied upon information and belief. In addition, Chicago Title failed to mitigate its damages or otherwise allow Dewrell Sacks to prepare a corrective instrument to address this issue. The "damages" claimed by this paragraph are reportedly "legal expenses" which Dewrell Sacks contends were neither reasonable or necessary. Mara Sacks denies that she personally guaranteed any obligation of Dewrell Sacks regarding this transaction.

28. With respect to the allegations of paragraph 28 of the complaint, it is admitted that Dewrell Sacks, LLP served as a settlement agent for a property that is located known as 3197 Market Street, Dayton, Tennessee. It is denied that Dewrell Sacks LLP conducted the signing for the property as alleged in paragraph 28. The signing was conducted by Deborah P. Williams, 216 Winding Creek Circle NW, Cleveland, Tennessee 37312. It is admitted that lender for this transaction was a company known as Ameriquest Mortgage Company ("Ameriquest") and it is admitted that the lender's interest was secured by a Deed of Trust. The amount of the Deed of Trust is reflected on the document. The document speaks for itself and is best evidence of its own terms.

29. Defendants are without sufficient knowledge or information to form a belief as the truthfulness of the allegations of paragraph 29 of the complaint and demand strict proof thereof if its interests is to be effected thereby.

30. The date of recordation is reflected on the Deed of Trust as October 20, 2004.

31. The allegations of paragraph 31 of the complaint attempts to summarize the terms of the title policy. The written terms of the title policy speak for themselves and are best

evidence of their own terms. Defendants deny that the policy was improperly "backdated" as inferred by said allegations. The policy specifically reflects the date of the deed of trust and the date of recordation on the face of the policy. Defendants are without sufficient knowledge or information to form a belief as the truthfulness of the allegations of paragraph 31 of the complaint as it concerns the actions of the bankruptcy trustee and demands strict proof thereof if its interests are to be affected thereby.

33. Defendants are without sufficient knowledge of information to form a belief as the truthfulness of the allegations of paragraph 33 of the complaint and demand strict proof thereof if their interests are to be affected thereby.

34-36 With respect to the allegations of paragraphs 34 through 36 of the complaint, it is admitted that Dewrell Sacks, LLP served as a settlement agent for a property that is located known as 518 Flat Spur Road, Jamestown, Tennessee. It is denied that Dewrell Sacks LLP conducted the signing for the property as alleged in paragraph 34. It is admitted that lender for this transaction was a company known as Ameriquest Mortgage Company ("Ameriquest") and it is admitted that the lender's interest was secured by a Deed of Trust. The amount of the Deed of Trust is reflected on the document. The document speaks for itself and is best evidence of its own terms.

37. It is admitted that a title search was conducted for the Jamestown property, but is denied that Dewrell Sacks conducted said title search. It is denied that Defendants admitted to Chicago Title that Dewrell Sacks had "misinterpreted" a letter dated May 25, 2004. The title policy in this case was issued in good faith based upon the information which was supplied to Dewrell Sacks prior to the closing. The title search for this property was conducted by Services Management Company of Tennessee, Inc., 1630 N.W. Broad Street, Murfreesboro, Tennessee

and the instruments of conveyance and instruments of security were prepared based upon information supplied by the title abstractors. The information supplied to Dewrell Sacks failed to reflect that there were two encumbrances to the same lender for this property. Dewrell Sacks subsequently learned that the property was divided into two parcels reportedly encumbered by two separate deeds of trust and was occupied by two related family members. The property abstractors failed to properly advise Dewrell Sacks of the status of this title despite their knowledge that Dewrell Sacks was going to reasonably rely upon such information. Services Management Company of Tennessee, Inc., 1630 N.W. Broad Street, Murfreesboro, Tennessee is a comparatively negligent party for the alleged error that is alleged to have occurred. Similarly, the lender, Ameriquest, apparently funded the transaction without confirmation of the status of these two parties and would be comparatively at fault for its own role in causing the damages alleged in the complaint.

38. The allegations of paragraph 38 are denied to the extent that that allege that Dewrell Sacks was at fault for the secondary position of Ameriquest.

39. It is admitted that a title policy was issued for the lender for this closing. The terms of the title policy speak for themselves and are best evidence of their own terms. It is admitted the second Union Bank lien was not specifically identified as an exception to the policy due to the fact that the abstractor failed to provide such information to Dewrell Sacks in preparing the closing documents.

40. Defendants are without sufficient knowledge or information to form a belief as the the truthfulness of the allegations of paragraph 40 of the complaint and demands strict proof thereof if its interests are to be affected thereby.

41. Defendants are without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 41 of the complaint and demand strict proof thereof if its interests are to be affected thereby.

42. Defendants are without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraph 42 of the complaint and demand strict proof thereof if their interests are to be affected thereby. Mara Sacks denies any liability for the alleged damages.

44. The first sentence of paragraph 44 of the complaint summarizes purported duties owned under the agency contracts. The relevant contract for the Tennessee properties speaks for itself. Defendant Mara Sacks denies any alleged breach of contract or violation of any alleged duty. Defendant Mara Sacks denies the existence of such a contract between Mara Sacks and Chicago Title.

44. Dewrell Sacks denies that it intentionally failed to provide the deed of trust to the Register of Deeds for any property in a time fashion for recordation. Such documents were typically sent to the appropriate register of deeds for recordation upon receipt from the lender representatives. In this case, upon information and belief, any delay in sending a document for recordation may have been caused by a delay by the lender, Ameriquest, in transmitting the document to Dewrell Sacks. Any such delay would render Ameriquest comparatively at fault.

Defendants deny that they are responsible for any alleged breach of contract with respect to the allegations involving the Smithville, Tennessee property and demand strict proof thereof if their interests are to be affected thereby. Defendants deny that they have failed to provide documentation upon reasonable request to Chicago Title and deny responsibility for the actions of Chicago Title in failing to correct any alleged deficiencies in title.

45. The allegations of paragraph 45 are denied.

46-47. Defendants deny that they are liable for professional negligence for each of the properties identified in the complaint. Defendants deny that Chicago Title is entitled to recover attorneys fees or expenses based upon its allegations of professional negligence.

48-49. Defendants are without sufficient knowledge or information to form a belief as to the truthfulness of the allegations of paragraphs 48 and 49 of the complaint and demand strict proof thereof if their interests are to be affected thereby.

50. Mara Sacks denies liability to Chicago Title based upon any theory alleged in the complaint.

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Now, having answered the complaint filed against them, Defendants state the following additional and/or affirmative defenses:

1. The complaint fails to state a claim against Mara Sacks upon which relief may be granted. Mara Sacks did not personally guarantee any agency contract involving Dewrell Sacks in the State of Tennessee. In addition, any personal guaranty executed by Mara Sacks was cancelled by mutual assent in approximately 2004.

2. Plaintiff's allegations of negligence are barred by the relevant statute of limitations. To the extent that the contractual allegations are barred by the period of limitations, Defendants also plead the statute of limitations to said allegations.

3. Plaintiff is guilty of unclean hands and failure to mitigate the alleged losses. Defendants were afforded no opportunity to intervene or otherwise attempt to mitigate losses with respect to the properties located in Smithville, Tennessee and Jamestown, Tennessee. Defendants are not responsible for unreasonable and unnecessary legal expenses incurred on said

properties. Similarly, Defendants are not responsible for Plaintiff's incurring unnecessary and unreasonable expenses with respect to the Dayton, Tennessee and Franklin, Tennessee properties. Similarly, no alleged act or omission of Dewrell Sacks was the proximate cause of the losses allegedly sustained by Plaintiff.

4. Plaintiff's negligence allegations are barred or otherwise reduced by Plaintiff's own comparative fault and/or failure to mitigate their claimed damages.

5. Mara Sacks violated no duty and caused no damages to Plaintiff.

6. Defendants executed any alleged duties in good faith toward Plaintiff. Plaintiff failed to executed its duties to Defendants in good faith and is equitably estopped from pursing all or part of its claims against Defendants. Plaintiff did not consult with Plaintiff concerning settlement of claims alleged in the complaint, nor did it permit Dewrell Sacks to participate with any settlement discussions or otherwise correct alleged defects with respect to certain title matters. Such actions unnecessarily increased the expense of any the transactions which are the subject of the complaint.

7. The Middle District of Tennessee is not the proper venue for this dispute. Defendants are not located in Tennessee and no act or omission of Defendants in Tennessee caused all of the damages about which Plaintiff complains. Defendants object to the exercise of personal jurisdiction and improper service of process.

8. The abstractor, Services Management Company of Tennessee, Inc., 1630 N.W. Broad Street, Murfreesboro, Tennessee is a comparatively negligent party for the alleged error that is alleged to have occurred with respect to the transaction that involved the Union Bank transaction in Jamestown, Tennessee. It was under a duty to convey complete and accurate information to Dewrell Sacks for the preparation of any instruments and the title policy. The

information conveyed was not full and complete and lead to the present allegations against Dewrell Sacks. Said entity is a comparatively negligent party for its own negligence in causing the damages alleged in the complaint.

9. To the extent that it is shown that Ameriquest Mortgage (the address of which is known to Plaintiff) failed to deliver or otherwise transmit documents to Dewrell Sacks in a timely fashion and such delay caused any delay in recording instruments, then Ameriquest Mortgage would be a comparatively negligent party.

10. Dewrell Sacks affirmatively asserts a claim for an offset for all monies due Dewrell Sacks and requests an accounting of same from Plaintiff. Chicago Title agreed to compensate Dewrell Sacks a 5% rebate of all policy premiums submitted during certain years involving the termination of the agency relationship and said rebate was represented by Chicago Title to be approximately $40,000. Plaintiff has refused to provide such monies to Dewrell Sacks without justifiable excuse or reason. Dewrell Sacks is entitled to a credit and/or an offset for any sum allegedly owed Plaintiff

11.. No discovery has been conducted and Defendants reserve the right to amend this Answer and state such other defenses in the future as may be supported by the evidence.

WHEREFORE, these premises considered, Defendants request that the complaint filed against them be dismissed with the costs taxed to Plaintiff. Specifically, Mara Sacks states that the theories plead against her have not merit in law or fact that the complaint filed against her should be dismissed forthwith with the costs taxed to Plaintiff. To the extent that the action against Mara Sacks is shown to have been improper, Mara Sacks requests recovery of her legal expenses and time in defending said action. If a trial be necessary, Defendants requests that the Court determine the respective rights of the parties.

Respectfully submitted,

MILLER & MARTIN, PLLC

By: *William S. Walton*
Suite 1200 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219-2433
(615) 744-8603

## CERTIFICATE OF SERVICE

The foregoing instrument has been sent electronically via means of the Court's ECF delivery system to the following counsel on the same date of the filing of the document with the Court:

John R. Rochford
Jeffery Goodson
Law Offices of John Rochford
2200 Abbott Martin Road
Suite 201
Nashville, Tennessee 37215

/s/*William S. Walton*
William S. Walton